**WEILAND GOLDEN LLP**
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Proposed Special Litigation Counsel
for Jeffrey I. Golden, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MORGAN DREXEN, INC.<br><br>Debtor. | Case No. 8:15-bk-12278-CB<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MDRX MARKETING SERVICES, LLC, a Delaware limited liability company, MDRX BUSINESS SERVICES, LLC, a Delaware limited liability company, CARTHUSIAN IP HOLDINGS, LLC, a Delaware limited liability company, WJL CAPITAL HOLDINGS, LLC, a limited liability company, CARBINE SOFTWARE, WALTER LEDDA, an individual, WALTER LEDDA, trustee of the WALTER LEDDA TRUSTS, DAVID WALKER, an individual, JEFFREY KATZ, an individual, AWADESH GUPTA, an individual, and RITA AUGUSTA, an individual,<br><br>Defendants. | COMPLAINT FOR:<br><br>(1) FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542;<br>(2) FOR APPOINTMENT OF RECEIVER OVER SUCCESSOR ENTITIES AND TRANSFERRED ASSETS PURSUANT TO RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE;<br>(3) FOR DECLARATORY RELIEF;<br>(4) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(A), AND 550;<br>(5) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(B), AND 550;<br>(6) TO PRESERVE TRANSFERS PURSUANT TO 11 U.S.C. § 551;<br>(7) IMPOSITION OF RESULTING TRUST;<br>(8) IMPOSITION OF CONSTRUCTIVE TRUST;<br>(9) FOR INJUNCTIVE RELIEF; AND<br>(10) ATTORNEYS' FEES AND COSTS |

**TO THE DEFENDANTS AND THEIR COUNSEL:**

Jeffry I. Golden, the chapter 7 trustee (the "Plaintiff" or the "Trustee") for the bankruptcy estate (the "Estate") of Morgan Drexen, Inc. ("Debtor") hereby files this adversary complaint for: (1) for turnover of property of the estate pursuant to 11 U.S.C. § 542; (2) for appointment of receiver over successor entities and transferred assets pursuant to Rule 66 of the Federal Rules of Civil Procedure; (3) for declaratory relief; (4) to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), and 550; (5) to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550; (6) to preserve transfers pursuant to 11 U.S.C. § 551; (7) imposition of resulting trust; (8) imposition of constructive trust; (9) for injunctive relief and (10) attorneys' fees and costs ("Complaint") against Defendants MDRX Marketing Services, LLC, MDRX Business Services, LLC, Carthusian IP Holdings, LLC, WJL Capital Holdings, LLC, Carbine Software, Walter Ledda, trustee of the Walter Ledda Trusts, David Walker, Jeffrey Katz, Awadesh Gupta, and Rita Augusta (collectively, the "Defendants"), and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 323, 541, 542, 544, 548, 550 and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the case entitled *In re Morgan Drexen, Inc,* chapter 7 case bearing case number 08:15-bk-12278-CB currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Catherine Bauer presiding. The Debtor filed its chapter 7 bankruptcy petition on April 30, 2015 (the "Petition Date").

## PARTIES TO THE ACTION

4. The Trustee is the duly appointed, qualified, and acting chapter 7 trustee for the Debtor's bankruptcy estate.

5. The Trustee is informed, believes, and alleges that Defendant, MDRX Marketing Services, LLC, ("MDRX Marketing"), is a Delaware limited liability company doing business in Orange County, California.

6. The Trustee is informed, believes, and alleges that Defendant, MDRX Business Services, LLC, ("MDRX Business"), is a Delaware limited liability company doing business in Orange County, California.

7. The Trustee is informed, believes, and alleges that Defendant, Carthusian IP Holdings, LLC, ("Carthusian"), is a Delaware limited liability company doing business in Orange County, California.

8. The Trustee is informed, believes, and alleges that Defendant, Jeffrey Katz, is the agent for services of process for MDRX Marketing, MDRX Business and Carthusian at the address of 675 Anton Boulevard, Costa Mesa, California 92626.

9. The Trustee is informed, believes, and alleges that Defendant, WJL Capital Holdings, LLC ("WJL Holdings"), is a limited liability company doing business in Orange County, California.

10. The Trustee is informed, believes, and alleges that Defendant, Walter Ledda, is the agent for service of process for WJL Holdings at the address of 675 Anton Boulevard, Costa Mesa, California 92626.

11. The Trustee is informed, believes, and alleges that Defendant, Carbine Software ("Carbine") is an entity doing business in Orange County, California.

12. The Trustee is informed, believes, and alleges that Defendant, Walter Ledda ("Ledda") is an individual residing at 11 Via Burrone, Newport Coast, California 92657.

13. The Trustee is informed, believes, and alleges that Defendant, Ledda, is the trustee of the Walter Ledda Trusts (the "Trusts"), and is an individual residing at 11 Via Burrone, Newport Coast, California 92657.

14. The Trustee is informed, believes, and alleges that Defendant, David Walker ("Walker"), is an individual residing at 23798 Skyline, Mission Viejo, California 92692.

15. The Trustee is informed, believes, and alleges that Defendant, Jeffrey Katz ("Katz"), is an individual residing at 1919 N. Heliotrope, Santa Ana, California 92706.

16. The Trustee is informed, believes, and alleges that Defendant, Awadhesh Gupta ("Gupta"), is an individual residing at 3322 Laviana Street, Tustin, California 92782.

17. The Trustee is informed, believes, and alleges that Defendant, Rita Augusta ("Augusta"), is an individual residing at 2974 Ballesteros Lane, Tustin, California 92782.

18. MDRX Marketing, MDRX Business, Carthusian, WJL Holdings, Carbine, Ledda, Trusts, Walker, Katz, Gupta, and Augusta shall collectively be referred to herein as "Defendants".

## STATEMENT OF STANDING

19. The Debtor filed a voluntary chapter 7 petition on April 30, 2015.

20. The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of Debtor's bankruptcy estate (the "Estate").

21. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105, 323, 542, 544, 548, 550 and 551.

## GENERAL ALLEGATIONS

22. The Trustee incorporates each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23. The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, Debtor provided integrated software systems and administrative support services to businesses and attorneys nationwide.

24. The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, Debtor owned proprietary software that sought to improve workflow through the use of automated document management.

25. The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, Debtor provided businesses with marketing, marketing support, call centers, outsourced litigation support, databases, work-product retrieval systems and cloud-computing platforms facilitated by Debtor's outsourced support staff.

26. On August 20, 2013, the Consumer Financial Protection Bureau ("CFPB") filed a complaint for permanent injunction and other relief against Debtor and others defendants ("CFPB Action") with the United States District Court, Central District of California ("District Court").

27. On April 21, 2015, the District Court entered an order granting a motion for the imposition of the sanction of default judgment against Debtor ("Default Judgment").

28. On April 30, 2015, the District Court entered an order temporarily freezing Debtor's assets pending resolution of the CFPB Action ("Freeze Order").

29. In the Freeze Order the District found that, "There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement or compensation for unjust enrichment will occur from the transfer, dissipation, or concealment by Morgan Drexen of its assets unless Morgan Drexen is restrained and enjoined by Order of this Court".

30. The Trustee is informed and believes, and on that basis alleges, that in late 2014, during the pendency of the CFPB Action, Debtor transferred substantially all of its assets to MDRX Marketing, MDRX Business, and Carthusian (collectively, the "Successor Entities").

31. The Trustee is informed and believes, and on that basis alleges, that Debtor transferred its intellectual property to Carthusian ("Carthusian Transfer").

32. The Trustee is informed and believes, and on that basis alleges, that Debtor transferred the balance of the Debtor's assets, including, but not limited to, its business lines of credit, customer lists and fixed assets to MDRX Marketing and MDRX Business ("MDRX Transfers").

33. The assets transferred by Debtor to Carthusian, MDRX Marketing and MDRX Business, including, but not limited to, the intellectuall property, its business lines of credit, customer lists and fixed assets shall collectively be referred to herein as the "Transferred Assets".

34. The Carthusian Transfer and the MDRX Transfers shall collectively be referred to herein as the "Fraudulent Transfers".

35. The Trustee is informed and believes, and on that basis alleges, that in exchange for the Fraudulent Transfers, Debtor received promissory notes totaling $6 million, payable over a period of approximately 20 years (the "Notes").

36. The Trustee is informed and believes, and on that basis alleges, that the Notes are interest only and that note payments owed to Debtor aggregate approximately $25,000 per month.

37. The Trustee is informed and believes, and on that basis alleges, that the ownership of MDRX Marketing, MDRX Business, and Carthusian appears to be identical.

38. The Trustee is informed and believes, and on that basis alleges, that the ownership of MDRX Marketing, MDRX Business, and Carthusian is as follows:  15.1% to Gupta, 4.3% to Augusta and 80.6% to WJL Holdings.

39. The Trustee is informed and believes, and on that basis alleges, that WJL Holdings is owned by the Trusts.

40. The Trustee is informed and believes, and on that basis alleges, that there is an oral agreement pursuant to which WJL Holdings will transfer its interest in MDRX Marketing, MDRX Business, and Carthusian to Carbine ("Carbine Transfer").

41. The Trustee is informed and believes, and on that basis alleges, that ownership of Carbine is as follows:  33.4% to Walker, 33.3% to Katz and 33.3% to Gupta.

42. The Trustee is informed and believes, and on that basis alleges, that WJL Holdings and/or the Trusts will receive $1 million paid over time for the transfer of WJL Holdings' interest in MDRX Marketing, MDRX Business, and Carthusian to Carbine.

43. The Trustee is informed and believes, and on that basis alleges, that the Carbine Transfer is intended to divest Ledda of any ownership of the Successor Entities because Ledda may face an injunction prohibiting him from being involved in the Debtor and the Successor Entities' industry.

44. The Trustee is informed and believes, and on that basis alleges, that Ledda was the Chief Executive Officer ("CEO") of MDRX Business and/or MDRX Marketing.

45. The Trustee is informed and believes, and on that basis alleges, that Walker is the CEO of MDRX Business and/or MDRX Marketing.

46. The Trustee is informed and believes, and on that basis alleges, that Walker is also the Chief Financial Officer ("CFO") of MDRX Business and/or MDRX Marketing.

47. The Trustee is informed and believes, and on that basis alleges, that Walker was the CFO of Debtor.

48. The Trustee is informed and believes, and on that basis alleges, that Debtor has ceased doing business.

49. The Trustee is informed and believes, and on that basis alleges, that as of the Petition Date, Ledda is the Debtor's sole employee.

50. The Trustee is informed and believes, and on that basis alleges, that the purpose of the Fraudulent Transfers was to: (1) hinder, delay and defraud the Debtor's creditors by placing the Debtor's assets beyond the reach of present and future creditors; (2) thwart and evade the provisions of the Freeze Order; (3) compartmentalize risky business lines into separate business entities; and (4) insulate prospective income sources from the damage and claims caused by the Debtor's past misdeeds.

51. The Trustee is informed and believes, and on that basis alleges, that the Fraudulent Transfers, the Successor Entities and the Carbine Transfer are meant to hinder, delay and defraud Debtor's creditors justifying relief, inter alia, under 11 U.S.C. §548, Section 3439.04 of the California Civil Code.

## FIRST CLAIM FOR RELIEF

### (For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

52. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal and/or equitable interest in the Transferred Assets.

54. The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Transferred Assets were under the control of the Debtor and Defendants.

55. To the extent that Defendants are in possession of the Transferred Assets and any other property of the Estate not set forth herein, Trustee seeks turnover of these Estate assets for the benefit of the Estate pursuant to 11 U.S.C. § 542.

56. As a result of the foregoing, Trustee seeks turnover of the Transferred Assets from Defendants for the benefit of the Estate pursuant to 11 U.S.C. § 542.

## SECOND CLAIM FOR RELIEF

### (For Appointment of a Receiver of the Debtor's Successor Entities Pursuant to Rule 66 of the Federal Rules of Civil Procedure)

57. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. Plaintiff seeks the appointment of a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure to assume custody, control and management over the Successor Entities and the Transferred Assets.

59. Plaintiff further seeks the appointment of a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure to preserve the property, rents, or profits earned by the Successor Entities and the Transferred Assets.

## THIRD CLAIM FOR RELIEF

### (For Declaratory Relief)

60. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. Plaintiff believes that the Transferred Assets are property of the Estate and Plaintiff seeks a declaration of rights that the Transferred Assets are property of the Estate.

62. Plaintiff further seeks a declaration that the Debtor holds a 100% undivided interest in the Transferred Assets and that Defendants have and had no interest in the Transferred Assets.

63. Plaintiff further seeks a declaration that the Transferred Assets were and are held in constructive trust as of the date of the Petition Date by Defendants for the benefit of the Estate.

64. Plaintiff further seeks a declaration of rights that Defendants held and hold legal title to the Transferred Assets in a resulting trust for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (To Avoid Transfer and Recover Intentionally Fraudulently Transferred Property Under 11 U.S.C. §§ 544(b), 548(a)(1)(A), and 550)

65. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 64, inclusive, as though fully set forth herein.

66. The Trustee is informed and believes, and on that basis alleges that, the Fraudulent Transfers occurred during the four-year period immediately preceding the Petition Date and during the two-year period immediately preceding the Petition Date.

67. The Trustee is informed and believes, and on that basis alleges that, the Fraudulent Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

68.     The Trustee is informed and believes, and on that basis alleges that, creditors existed at the time of the Fraudulent Transfers that remained unpaid as of the Petition Date.

69.     The Trustee is informed and believes, and on that basis alleges that, the Debtor made the Fraudulent Transfers to or for the benefit of Defendants.

70.     The Trustee is informed and believes, and on that basis alleges that, the Debtor received inadequate consideration from the Defendants.

71.     The Trustee is informed and believes, and on that basis alleges, that at the time of the Fraudulent Transfers, there was no obligation due and owing to the Defendants.

72.     The Trustee is informed and believes, and on that basis alleges that, the Debtor was insolvent at the time of the Fraudulent Transfers and/or was rendered insolvent by virtue of the Fraudulent Transfers.

73.     The Trustee is informed and believes, and on that basis alleges, that Defendants are insiders of the Debtor.

74.     The Trustee is informed and believes, and on that basis alleges that, Defendants are subsequent transferees of Defendants, who were initial transferees of Debtor.

75.     The Trustee is informed and believes, and on that basis alleges that, Defendants did not take the Fraudulent Transfers in good faith.

76.     By reason of the foregoing, the Fraudulent Transfers are avoidable, Plaintiff is entitled to set aside the Fraudulent Transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 544(b) , and Plaintiff is entitled to recover the Fraudulent Transfers or the value of the Fraudulent Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## **FIFTH CLAIM FOR RELIEF**

### **(To Avoid Transfer and Recover Constructively Fraudulently Transferred Property Under 11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550)**

77. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78. The Trustee is informed and believes, and on that basis alleges that, at the time of the Fraudulent Transfers, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction.

79. The Trustee is informed and believes, and on that basis alleges that, at the time of the Fraudulent Transfers, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

80. The Trustee is informed and believes, and on that basis alleges that, the Fraudulent Transfers were made to and for the benefit of Defendants.

81. The Trustee is informed and believes, and on that basis alleges that, the Debtor did not receive reasonably equivalent value for making the Fraudulent Transfers.

82. The Trustee is informed and believes, and on that basis alleges that, Debtor did not make the Fraudulent Transfers in good faith.

83. The Trustee is informed and believes, and on that basis alleges that, the Defendants did not take the Fraudulent Transfers for reasonably equivalent value.

84. The Trustee is informed and believes, and on that basis alleges that, the Defendants did not take the Fraudulent Transfers in good faith.

85. By reason of the foregoing, the Fraudulent Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 548(a)(1)(B) and 11 U.S.C. § 544(b) , and Plaintiff is entitled to recover the Fraudulent Transfers or the value of the Fraudulent Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SIXTH CLAIM FOR RELIEF

**(To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)**

86. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 85, inclusive, as though fully set forth herein.

87. Pursuant to 11 U.S.C. § 551, the Fraudulent Transfers are preserved for the benefit of the Estate as the Fraudulent Transfers are avoidable under 11 U.S.C. §§ 544, 548 and 550 as set forth above.

## SEVENTH CLAIM FOR RELIEF

**(For Imposition of Resulting Trust)**

88. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 87, inclusive, as though fully set forth herein.

89. The Trustee is informed and believes, and on that basis alleges, that at all times after acquisition of the Transferred Assets, Debtor and Defendants intended and agreed that the beneficial interest in the Transferred Assets would be held by Debtor. Accordingly, Defendants held their interest in the Transferred Assets in trust for Debtor and Defendants currently hold their current interest in the Transferred Assets in trust for the benefit of the Estate.

90. By reason of the foregoing, Plaintiff is entitled to the imposition of a resulting trust on the interest of Defendants in the Transferred Assets and an order declaring title to the Transferred Assets to be in the name of the Trustee for the benefit of the Estate.

## EIGHTH CLAIM FOR RELIEF

**(For Imposition of Constructive Trust)**

91. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 90, inclusive, as though fully set forth herein.

92. The Trustee is informed and believes, and on that basis alleges, that the Defendants have been unjustly enriched as a result of holding title in the Transferred Assets.

93. By reason of the foregoing, Plaintiff is entitled to the imposition of a constructive trust as of the date of the acquisition of the Transferred Assets by Defendants and an order declaring title to the Defendants' interest in the Transferred Assets to be in the name of the Trustee, for the benefit of the Estate as of the Petition Date.

## NINTH CLAIM FOR RELIEF

### (Injunctive Relief)

94. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 93, inclusive, as though fully set forth herein.

95. The Debtor has a high likelihood of obtaining relief on the claims prayed for herein.

96. Unless injunctive relief is issued in the form of a temporary and preliminary injunction enjoining the transfer, dissipation, encumbrance or the impairment of the value of the Transferred Assets, the Estate and it creditors face the risk of immediate and irreparable harm.

97. The issuance of the foregoing relief substantially outweighs any harm that might accrue to the Defendants.

98. The issuance of the foregoing injunctive relief is in the public interest.

99. In order to insure that the claims of the estate are not primed by claims that may be asserted by future creditors seeking relief against the Defendants and against the Transferred assets, the injunctive relief referenced above should also serve as a lien against the Transferred Assets such that any future judgment obtained by the Estate will relate back to the date of the injunction and have priority over all other intervening claims.

Case 8:15-ap-01239-CB    Doc 1    Filed 05/08/15    Entered 05/08/15 13:33:31    Desc
Main Document    Page 14 of 20

## TENTH CLAIM FOR RELIEF

### (For Award of Attorneys' Fees and Costs)

100. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 99, inclusive, as though fully set forth herein.

101. Based on the foregoing allegations, Plaintiff is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against Defendants as follows:

### On the First Claim for Relief

1. For turnover of the Transferred Assets and any other assets of the Estate to the Trustee for the benefit of the Estate pursuant to 11 U.S.C. § 542.

### On the Second Claim for Relief

2. For the appointment of a receiver over the Successor Entities and the Transferred Assets.

### On the Third Claim for Relief

3. For a declaration that the Transferred Assets are property of the Estate pursuant to 11 U.S.C. § 541.

### On the Fourth Claim for Relief

4. Avoiding the Fraudulent Transfers and declaring that the Fraudulent Transfers be annulled and rendered void as fraudulent transfers and for recovery of the value of the Fraudulent Transfers for the benefit of the Estate.

5. Awarding the Trustee a money judgment against Defendants in the amount of the Fraudulent Transfers.

### On the Fifth Claim for Relief

6. Avoiding the Fraudulent Transfers and declaring that the Fraudulent Transfers be annulled and rendered void as fraudulent transfers and for recovery of the value of the Fraudulent Transfers for the benefit of the Estate.

7. Awarding the Estate a money judgment against Defendants in the amount of the Fraudulent Transfers.

### On the Sixth Claim for Relief

8. For preservation of the Fraudulent Transfers for the benefit of the Estate.

### On the Seventh Claim for Relief

9. For imposition of a resulting trust on Defendants' interest in the Transferred Assets for the benefit of the Estate.

### On the Eighth Claim for Relief

10. For imposition of a constructive trust on the Estate's interest in the Transferred Assets for the benefit of the Estate as of the date of the acquisition of the Transferred Assets and an order declaring title to the Estate's interest in the Transferred Assets to be in the name of Plaintiff, for the benefit of Debtor's Estate.

### On The Ninth Claim for Relief

11. For the issuance of a temporary restraining order and after a notice and a hearing, the issuance of a preliminary injunction incorporating the relief described herein.

### On the Tenth Claim for Relief

12. Plaintiff be awarded his costs and attorneys' fees incurred in this action.

### On all Claims for Relief

13. Plaintiff be awarded his costs and attorneys' fees incurred in this action;

14. For pre-judgment and post-judgment interest at the maximum legal rate; and

15. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 8, 2015          WEILAND GOLDEN LLP

By: /s/ Reem J. Bello
  REEM J. BELLO
  Proposed Special Litigation Counsel for
  Jeffrey I. Golden, Chapter 7 Trustee

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF MORGAN DREXEN, INC. | **DEFENDANTS** MDRX MARKETING SERVICES, LLC, MDRX BUSINESS SERVICES, LLC, CARTHUSIAN IP HOLDINGS, LLC WJL CAPITAL HOLDINGS, LLC, CARBINE SOFTWARE, WALTER LEDDA, WALTER LEDDA TRUSTEE, WALTER LEDDA DAVID WALKER, JEFFREY KATZ, AWADESH GUPA, RITA AUGUSTA |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN LLP<br>650 TOWN CENTER DRIVE, STE 950<br>COSTA MESA, CA 92626- PHONE: 714-966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTION 542; (2) FOR APPOINTMENT OF RECEIVER OVER SUCCESSOR ENTITIES AND TRANSFERRED ASSETS PURSUANT TO RULE 66 OF THE FEDERAL RULES OF CIVIL PROCEDURE; (3) FOR DECLARATORY RELIEF; (4) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. SECTION 544(B), 548(A)(1)(B), & 550; (5) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. SECTION 544(B), 548(A)(1)(b), & 550; (6) TO PRESERVE TRANSFERS PURSUANT TO 11 U.S.C. SECTION 551; (7) IMPOSITION OF RESULTING TRUST; (8) IMPOSITION OF CONSTRUCTIVE TRUST; (9) FOR INJUNCTIVE RELIEF; AND (10) ATTORNEYS' FEES AND COSTS

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [3] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> MORGAN DREXEN, INC. || **BANKRUPTCY CASE NO.** <br> 8:15-12778 CB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** <br> CATHERINE BAUER |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||
| **DATE** <br> 5/8/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> JEFFREY I. GOLDEN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| REEM J. BELLO, STATE BAR  NO. 198840<br>RBELLO@WGLLP.COM<br>WEILAND GOLDEN LLP<br>650 TOWN CENTER DRIVE, SUITE 950<br>COSTA MESA, CA  92626<br>PHONE: 714-966-1000<br>FAX: 714-966-1002<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>MORGAN DREXEN, INC.<br><br>Debtor(s). | CASE NO.: 8: 15-12278 CB<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: |
|---|---|
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff(s)<br>Versus<br>MDRX MARKETING SERVICES, LLC, MDRX BUSINESS SERVICES, LLC, CARTHUSIAN IP HOLDINGS, LLC, WJL CAPITAL HOLDINGS, LLC, CARBINE SOFTWARE, WALTER LEDDA, WALTER LEDDA TRUSTEE TRUSTEE OF WALTER LEDDA TRUSTS, DAVID WALKER, JEFFREY KATZ, AWADESH GUPTA, RITA AUGUSTA<br>Defendant(s) | **SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE IN ADVERSARY**<br>**PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Place:**
> **Time:** _____                    ☐ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____               ☐ 3420 Twelfth Street, Riverside, CA 92501
>                                       ☒ 411 West Fourth Street, Santa Ana, CA 92701
>                                       ☐ 1415 State Street, Santa Barbara, CA 93101
>                                       ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                      Page 1                              F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

          **KATHLEEN J. CAMPBELL**
          **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
          Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012* — Page 2 — **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*           *Printed Name*                                                *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 3                              F 7004-1.SUMMONS.ADV.PROC